IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALISHA GLOVER, | * | |
| Plaintiff, | * | |
| | | Civil No. TJS-22-2718 |
| v. | * | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | * | |
| | * | |
| Defendant. | | |
| * * * | * * * * | |

**MEMORANDUM OPINION**

Pending before the Court is Defendant Allstate Vehicle and Property Insurance Company's ("Allstate") Motion for Summary Judgment ("Motion") (ECF No. 48). Having considered the parties' submissions (ECF Nos. 48, 49 & 52), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be granted.

**I.     Introduction**

Plaintiff Alisha Glover filed her Complaint against Allstate on October 21, 2022. ECF No. 1. In the Complaint, she alleges that her residence ("Property") was insured under a homeowner's insurance policy ("Policy") issued by Allstate. *Id*. at 2. The Policy promised to indemnify Plaintiff for covered losses to the Property, and to return the Property to its pre-loss condition (subject to policy limits). *Id.* Plaintiff's Property was covered by the Policy at all relevant times. *Id.*

In April 2020, a storm caused damage to the Property, including damage to its roof from a fallen tree. *Id.* Plaintiff filed a claim under the Policy. Allstate inspected the Property and paid Plaintiff $2,158.56 to cover her loss. *Id.* Thereafter, Plaintiff hired a contractor to conduct an "environmental evaluation of the Property's attic insulation to determine whether it contained asbestos." *Id.* Allstate acquiesced to the inspection, but limited testing to areas where it believed

damage had occurred. *Id.* The testing indicated the presence of asbestos in one of the samples, and the environmental inspector recommended asbestos abatement. *Id.* Allstate approved asbestos abatement, but only for those areas where its proposed repairs would be made. *Id.*

Plaintiff was not satisfied with Allstate's proposed limited abatement of asbestos, so she hired Semper Fi Public Adjusters LLC ("Semper Fi") to evaluate her claim under the Policy. *Id.* at 3. Semper Fi inspected the property and determined that the roof could not be repaired and must be replaced, at a cost of $341,562.30. *Id.* Thereafter, Semper Fi submitted a letter of representation to Allstate, and submitted an estimate for the cost to repair Plaintiff's Property, which Allstate rejected. *Id.* Plaintiff filed a Complaint with the Maryland Insurance Administration ("MIA"), but the MIA denied any relief. *Id.*

Count I is for breach of contract. *Id.* Plaintiff claims that Allstate was required to pay adequate compensation for her losses under the Policy, but that it has refused to do so. *Id.* at 4. In Count II, Plaintiff claims that Allstate failed to settle her claims in good faith, as required by Md. Code, Cts. & Jud. Proc. § 3-1701. She alleges that Allstate did not consider pertinent evidence when it rejected the claim that Semper Fi made on her behalf, and that Allstate "made false representations in substantiation of positions made arbitrarily and capriciously." *Id.*

After the pleadings were filed, the case proceeded to discovery. ECF No. 13. Once discovery had closed, Plaintiff filed a "Motion to Compel Arbitration and Stay Count II of Plaintiff's Complaint" (ECF No. 34), on which the Court has deferred ruling. Allstate's Motion (ECF No. 48) is ripe for decision.

## II.     Discussion

### A.     Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict for the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Yet the "mere existence of a scintilla of evidence in support of the [opposing party's] position" cannot defeat a motion for summary judgment. *Id.* at 252.

The facts themselves, and the inferences to be drawn from those facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest on the mere allegations or denials of its pleading but must cite "particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and affirmatively show the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

### B.     Plaintiff's Untimely Expert Disclosure

Allstate argues that it is entitled to summary judgment on Plaintiff's claims for breach of contract (Count I) and failure to settle claims in good faith in violation of Md. Cts. & Jud. Proc.

3

§ 3-1701 (Count II). ECF No. 48. Allstate argues that because Plaintiff failed to designate an expert, she cannot prove the cause of the damage to her Property, nor can she prove the cost and necessity of any repairs beyond what Allstate has paid to date. And because Plaintiff cannot prove a breach of contract, Allstate argues, Plaintiff cannot prevail on her claim that Allstate's adjustment of her claim lacked good faith.

Plaintiff's expert disclosures under Rule 26(a)(2) were due by September 11, 2023. ECF No. 23. Plaintiff did not make her expert disclosures by this deadline. ECF No. 48-1 at 6. On March 12, 2024, Plaintiff disclosed that she intended to rely on the opinions of Kyle Burns to rebut the opinions of Defendant's expert. ECF No. 48-24. She also disclosed her intention to call an unidentified expert witness from Environmental Solutions, Inc. "regarding its asbestos inspection, laboratory analysis, and any asbestos remediation protocol prepared by it upon which Plaintiff's contractors will rely." *Id.* And Plaintiff "reserve[d] the right" to designate additional experts beyond the deadline as established in the scheduling order.[1] *Id.*

Plaintiff did not produce expert reports from Kyle Burns or Environmental Solutions, Inc. ECF No. 48-1 at 7. When Allstate tried to discover information about Plaintiff's experts through interrogatories, Plaintiff objected. *Id.* She stated that interrogatories that called for her to "provide a complete statement of the opinions to be expressed and basis and reasons" by her experts were "overly broad, unduly burdensome," and "invasive of the attorney-client privilege." *Id.* Still, Plaintiff stated that any responsive information had already been produced. *Id.*

Rule 26(a)(2) governs the disclosure of expert opinions. It provides, in pertinent part:

---

[1] It is unclear whether Plaintiff intended to rely on the opinions of her public adjuster, Joseph Kriner, as an expert. If so, she did not make the proper disclosures and will be barred from doing so for the reasons set forth below (putting aside Mr. Kriner's likely unavailability to serve as a witness given the serious criminal charges he is facing in state court).

4

> [A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> [ ] Unless otherwise stipulated or order by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
> - (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> - (ii) the data or other information considered by the witness in forming them;
> - (iii) any exhibits that will be used to summarize or support them;
> - (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> - (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
> - (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2).

"The purpose of Rule 26(a) is to allow litigants to adequately prepare their cases for trial and to avoid unfair surprise." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017) (internal quotation marks and citation omitted). The Fourth Circuit has explained the importance of timely Rule 26 disclosures:

> Rule 26 disclosures are often the centerpiece of discovery in litigation that uses expert witnesses. A party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case. For this reason, [w]e give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1).

*Carr v. Deeds*, 453 F.3d 593, 604 (4th Cir. 2006), *abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010) (per curiam); *see also Jones v. Nationwide Mut. Fire Ins. Co.*, No. DKC-23-2340, 2024 WL 4534510, at *5 (D. Md. Oct. 21, 2024).

Plaintiff's expert designation does not satisfy the requirements of Rule 26(a)(2). Plaintiff has not disclosed any expert reports. Plaintiff's vague disclosures about the nature of her experts' opinions are plainly insufficient.

Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Fourth Circuit has held that district courts have broad discretion and should consider the following five factors when determining whether the failure to comply with Rule 26(a) is substantially justified or harmless:

> (1) [T]he surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). "The first four factors 'relate primarily to the harmlessness exception, while the last factor, addressing the party's explanation for its nondisclosure, relates mainly to the substantial justification exception.'" *Vedula v. Becerra*, No. TDC-18-0386, 2021 WL 8316263, at *1 (D. Md. June 23, 2021) (quoting *Bresler*, 855 F.3d at 190).

Plaintiff has not presented any information as to why she failed to comply with Rule 26's expert disclosure requirements. As to the first factor, Allstate would be unfairly surprised if Plaintiff were to be permitted to rely on expert evidence. Plaintiff argues that Allstate has not suffered prejudice, but this argument is unpersuasive. Allstate is entitled to know the expert opinions on which Plaintiff will rely. Because Plaintiff has not disclosed any expert opinions in compliance with the rules, Allstate is left to guess on the nature of Plaintiff's expert opinions, upon what they are based, and how they were reached. As to the second factor, there is no ability to cure

the surprise. Discovery is long closed and the case is pending decision on summary judgment. The third factor carries no weight because trial has not yet been scheduled. The same is true for the fourth factor because the Court cannot evaluate the importance of Plaintiff's expert evidence because no such evidence has ever been disclosed. The fifth factor cuts against Plaintiff because she has offered no explanation, beyond minimization, for her failure to disclose under Rule 26(a).[2]

Considering all of the relevant factors, the Court finds that Plaintiff's failure to disclose her experts was not substantially justified or harmless. Accordingly, Plaintiff will not be permitted to introduce expert evidence at summary judgment or trial.

### C. Plaintiff Cannot Prove Her Breach of Contract Claim Without Expert Testimony

In Count I, Plaintiff claims that Allstate is liable for breach of contract for failing to pay the compensation owed to her under the Policy for damage caused to the Property by the April 2020 storm. ECF No. 1 ¶¶ 32-39. "To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation."[3] *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175 (2001); *Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020) (explaining that under Maryland law, the

---

[2] Plaintiff refers to Maryland Rule 2-433, but the Maryland rules of procedure do not apply in federal court. Plaintiff argues that her "minor deviations from procedural aspects" should be excused, but she does not rebut Allstate's statements that she failed to produce any expert report. Plaintiff's complete failure to produce an expert report is not minor and cannot be excused as a harmless procedural error.

[3] "A federal court exercising diversity jurisdiction must apply the choice of law rules of the state in which it sits." *Perini/Tompkins Joint Venture v. Ace Am. Ins. Co.*, 738 F.3d 95, 100 (4th Cir. 2013). For contract claims, "Maryland applies the law of the state in which the contract was formed . . . unless the parties to the contract agreed to be bound by the law of another state." *State Auto. Mut. Ins. Co. v. Lennox*, 422 F. Supp. 3d 948, 961 (D. Md. 2019). Here, both parties have applied Maryland law in making their arguments, and the Court will do the same throughout this opinion. *Bank of La. v. Marriott Int'l, Inc.*, 438 F. Supp. 3d 433, 443 (D. Md. 2020) ("Courts applying Maryland's choice of law rules only use Maryland law to evaluate substantive law claims as a default when both parties only cite Maryland law in their briefing.") (citation omitted).

elements of a claim for breach of contract are "contractual obligation, breach, and damages"). When the contract at issue is an insurance contract, the plaintiff-insured bears the burden of proving entitlement to insurance benefits. *Nautilus Ins. Co. v. 200 W. Cherry St., LLC*, 383 F. Supp. 3d 494, 512 (D. Md. 2019); *see Pryszmont v. Allstate Vehicle & Prop. Ins. Co.*, No. JMC-22-2792, 2024 WL 3090384, at *4 (D. Md. June 21, 2024) (collecting cases).

It is undisputed that the Policy covers damage to the Property resulting from the April 30, 2020 storm, including damages caused by a tree that fell onto it. *See* ECF No. 48-2. But Allstate argues that, without expert testimony, Plaintiff cannot prove that any damages beyond those for which Allstate has already paid fall within the Policy's coverage. Accordingly, Allstate argues that it is entitled to judgment as a matter of law.

Under Rule 104(a) of the Federal Rules of Evidence, the Court is responsible for determining preliminary questions conerning the qualification of a person to be a witness and the admissibility of evidence, including the admissibility of expert testimony under Fed. R. Evid. 702. "With regard to expert testimony, it is well settled that '[t]he party seeking admission of the expert testimony bears the burden of establishing admissibility by a preponderance of the evidence.'" *Maryland v. Dent*, No. ELH-18-360, 2019 WL 1795531, at *1 (D. Md. Apr. 23, 2019) (quoting *Fireman's Fund Ins. v. Tecumseh Prods. Co.*, 767 F. Supp. 2d 549, 553 (D. Md. 2011)).

Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

"Expert testimony is admissible under Rule 702, then, if it concerns (1) scientific, technical, or other specialized knowledge that (2) will aid the jury or other trier of fact to understand or resolve a fact at issue." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 260 (4th Cir. 1999) (citing *Daubert*, 509 U.S. at 592).

> The first prong of this inquiry necessitates an examination of whether the reasoning or methodology underlying the expert's proffered opinion is reliable—that is, whether it is supported by adequate validation to render it trustworthy. The second prong of the inquiry requires an analysis of whether the opinion is relevant to the facts at issue. Thus, an expert's testimony is admissible under Rule 702 if it rests on a reliable foundation and is relevant.

*Id.* at 260-61 (internal citations and quotation marks omitted). *See also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (holding that the *Daubert* standard also applies "to the testimony of . . . other experts who are not scientists").

"Expert testimony is required when the subject matter is so particularly related to some science or profession that it is beyond the ken of the average layman." *Pryszmont*, 2024 WL 3090384, at *4 (quoting *Adams v. NVR Homes, Inc.*, 142 F. Supp. 2d 649, 654 (D. Md. 2001)). For this reason, courts "frequently hold that lay witnesses cannot testify regarding causation where determining the cause of a particular incident or occurrence is beyond common experience." *Id.* (collecting cases). On this issue, the Maryland Supreme Court has held that "the determination of the amount of property damage, to ascertain whether it falls within policy coverage, is quite likely a matter for expert testimony." *Bausch & Lomb Inc. v. Utica Mut. Ins. Co.*, 355 Md. 566, 588 (1999); *see also Harford Cnty. v. Harford Mut. Ins. Co.*, 327 Md. 418, 436 (1992). And concerning repair cost estimates in breach of insurance contract cases, the "overwhelming majority of federal courts" have held that expert testimony must be submitted to support such evidence. *Pryszmont*, 2024 WL 3090384, at *6 (collecting cases).

9

A lay witness cannot testify about Plaintiff's estimated repair costs in this case. The methods of repairing a roof damaged by a fallen tree, and the costs involved in such repair, are not common knowledge. Nor is the manner and cost of removing asbestos-containing materials from the Property's attic, or asbestos abatement in general. Expert testimony is required to prove any damages that Plaintiff incurred beyond those for which Allstate has already paid.

Because Plaintiff will not be permitted to offer expert testimony, she cannot prove any damages beyond what Allstate has already paid. Without proof of damages, Plaintiff cannot prevail on her claim for breach of contract. Allstate is entitled to summary judgment on Plaintiff's breach of contract claim.[4]

### D. Plaintiff Cannot Prove Her Lack of Good Faith Claim

In Count II, Plaintiff claims that Allstate is liable for failing to act in good faith in handling her claims under the Policy. ECF No. 1 ¶¶ 40-52. "Maryland provides a special cause of action for lack of good faith by a property, casualty, or individual disability insurer in handling claims under insurance policies issued, sold, or delivered in Maryland." *Barry v. Nationwide Mut. Ins. Co.*, 298 F. Supp. 3d 826, 829–30 (D. Md. 2018) (citing Md. Code, Cts. & Jud. Proc. § 3–1701(b)).

To prevail on Count II, Plaintiff must prove that Allstate did not act in good faith when it handled her insurance claim. The statute defines "good faith" as "an informed judgment based on honesty and diligence supported by evidence the insurer knew or should have known at the time the insurer made a decision on a claim." Md. Code, Cts. & Jud. Proc. § 3-1701(a)(4).

---

[4] Given the Court's ruling on Allstate's Motion for Summary Judgment, Plaintiff's Motion to Compel Arbitration and Stay Count II of Plaintiff's Amended [sic] Complaint ("Motion to Compel Appraisal") (ECF No. 34) is moot. Alternatively, the Motion to Compel Appraisal is denied because Plaintiff has waived her right to appraisal through her conduct in this litigation. *See Blitz v. USAA Gen. Indem. Co.*, No. RDB-24-1070, 2024 WL 4815980, at *4-6 (D. Md. Nov. 18, 2024) (finding that a litigant's delay and substantial litigation of a case before attempting to invoke appraisal indicated an intent to waive their contractual right to appraisal).

Courts apply "a few basic principles" when considering lack of good faith claims. *Barry*, 298 F. Supp. 3d at 830. First, the standard of good faith is judged under the "totality of the circumstances," including the following factors:

> [(1)] efforts or measures taken by the insurer to resolve the coverage dispute promptly or in such a way as to limit any potential prejudice to the insureds; [(2)] the substance of the coverage dispute or the weight of legal authority on the coverage issue; [and] [(3)] the insurer's diligence and thoroughness in investigating the facts specifically pertinent to coverage.

*Id.*

Second, delay in handling a claim generally cannot serve as the sole basis for a lack of good faith claim. *Id.* While delay in handling a claim *may* serve as the sole basis for such a claim when the insurer does not act within the time period specified by statute or regulation for investigation of a claim, such delay "is not per se lack of good faith under the statute." *Id.*

Third, an allegation that an insurer has failed to pay policy benefits cannot serve as the sole basis for a lack of good faith claim. *Id.* This is because "[i]t is well-settled under Maryland law that an insured claiming that an insurer has failed to pay policy benefits may only pursue contract remedies." *Id.* (quoting *Bierman Fam. Farm, LLC v. United Farm Fam. Ins. Co.*, 265 F. Supp. 3d 633, 38 (D. Md. 2017) (collecting cases)). "An allegation of breach of contract is therefore a necessary but not sufficient condition for a lack of good faith claim." *Barry*, 298 F. Supp. 3d at 830. In order to prevail on a lack of good faith claim, "[a]n insured must prove that an insurer breached the insurance contract," but must also prove that the insurer also acted without good faith in handling the claim. *Id.*; *Pryszmont*, 2024 WL 3090384, at *7 (same).

To begin, Plaintiff's claim for lack of good faith fails because Plaintiff has not proven that Allstate breached the contract. *See Barry*, 298 F. Supp. 3d at 830. But even if Allstate had breached the contract, Plaintiff has submitted no evidence that would permit a reasonable jury to conclude

that Allstate acted without good faith in its handling of Plaintiff's insurance claim. The allegations in the Complaint are unverified and non-specific. And Plaintiff has not attached any evidence to her response in opposition to the Motion (ECF No. 50). *See* Fed. R. Civ. P. 56(c) (providing that a party asserting a fact must support it by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"); *see also Robinson v. Priority Auto. Huntersville, Inc.*, 70 F.4th 776, 780 (4th Cir. 2023) (stating that "plaintiffs need to present more than their own unsupported speculation and conclusory allegations" to succeed on summary judgment); *Reid v. MJ Logistics, LLC*, No. JMC-22-3112, 2024 WL 2302320, at *3 (D. Md. May 21, 2024) (explaining that the Court has an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial.") (internal quotations omitted). There is simply no basis upon which a reasonable jury could find in Plaintiff's favor on Count II. Allstate is entitled to summary judgment on Plaintiff's claim for lack of good faith.

### III. Conclusion

For these reasons, Allstate's Motion for Summary Judgment (ECF No. 48) is **GRANTED** and Plaintiff's Motion to Compel Appraisal (ECF No. 34) is **DENIED AS MOOT**. A separate Order will accompany this Memorandum Opinion.

Date: January 17, 2025

/s/
Timothy J. Sullivan
Chief United States Magistrate Judge